UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Randy Hicks                                    **Plaintiff**

-against-

United Recovery Systems, LP                    **Defendant**

------------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ SEP 30 2010 ★

LONG ISLAND OFFICE

Docket No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

BIANCO, J.
LINDSAY, M.

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant because the Defendant has engaged in a campaign of harassment against the Plaintiff in an attempt to collect an alleged debt from Plaintiff, including Defendant's telephoning the Plaintiff's neighbors in order to humiliate the Plaintiff into paying an alleged debt.

2. Defendants are debt collectors who have been sued well over 100 times in Federal Court alone for engaging in abusive and deceptive debt collection.

3. On information and belief, it is the corporate policy of the Defendant to engage in the conduct alleged by the Plaintiff herein.

4. On information and belief, Defendant continues to engage in their illegal tactics because it is cost effective for them to do, notwithstanding the continuing lawsuits against them.

5. Defendants are aware that their actions violate federal law, but they willingly choose to do so.

6. This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; New York General Business law; as well as for violations of common law.

7. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

9. Plaintiff, Randy Hicks, is natural person who resided in Nassau County, New York at the time of the alleged conduct.

10. Defendant United Recovery Systems, LP (hereinafter "Pinnacle") is engaged in the business of collecting debts in this state, and is authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

12. The Defendant alleges that the Plaintiff owes a consumer debt (the debt) for a credit card ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

14. The Defendant alleges that the Plaintiff owes a consumer credit card debt to Capital One. Plaintiff disputes that he owes such a debt.

15. At some point unknown to the Plaintiff, the Defendant alleges to have acquired the right to collect the debt from Plaintiff. Plaintiff has not seen nor is he aware of any documents that establish the Defendant's right to be collecting the alleged debt.

16. On or about July 29, 2010 the Defendant telephoned the Plaintiff's neighbor and asked the Plaintiff's neighbor to deliver a message to the Plaintiff. .

17. The Defendant was aware of the Plaintiff's telephone number, but instead chose to telephone the Plaintiff's neighbor in an effort to humiliate the Plaintiff.

18. At the time that the Defendant began to collect the alleged debt, the Defendant was aware of the Plaintiff's address.

19. The Defendant informed the Plaintiff's neighbor that they were calling from United Recovery Bureau.

20. In asking the Plaintiff's neighbor to deliver a message to the Plaintiff, the Defendant communicated indirectly with the Plaintiff.

21. When Defendant asked the Plaintiff's neighbor to deliver a message to the Plaintiff, the Defendant did not, and could not, provide the Plaintiff with the notice required by 15 USC 1692e(11).

22. Following the phone call between the Defendant and Plaintiff's neighbor, the Plaintiff's neighbor contacted the Plaintiff and delivered the message as requested. The Defendant's neighbor did not provide the Plaintiff with the notice required by 15 USC 1692e(11).

23. Failing to provide the Plaintiff with the notice required by 15 USC 1692e(11) is per se deceptive under the FDCPA.

24. The Defendant has been sued numerous times in the past for communicating with consumer's neighbors in an effort to exert pressure on the consumers to pay an alleged debt. Such conduct is prohibited by federal law, but defendant continuously engages in such conduct.

25. The Defendant has been sued over 100 times in Federal Court for violations of the Fair Debt Collections Practices Act.

26. On information and belief, the owners and management of are aware of the federal lawsuits that have been filed against Defendant.

27. On information and belief, the owners and management of Defendant have not taken the necessary actions to prevent continued debt collection abuse.

## V. CAUSES OF ACTION UNDER THE FDCPA

28. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

29. Defendant actions and omissions constitute violations of the FDCPA including but not limited to the following:

30. Defendants violated 15 U.S.C Section 1692d

31. Defendants violated 15 U.S.C Section 1692e

32. Defendants violated 15 U.S.C Section 1692e(10)

33. Defendants violated 15 U.S.C Section 1692e(11)

34. Defendants violated 15 U.S.C Section 1692c(b)

35. Defendants violated 15 U.S.C Section 1692b(1)

36. Defendants violated 15 U.S.C Section 1692b(2)

## IV. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

37. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

38. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

    A.    The Defendants failed to communicate to the Plaintiff that they were a debt collector as required by 15 USC 1692e(11);

39. On information and belief, Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large, in that on information anb belief, the Defendant utilizes the deceptive practices contained herein while attempting to collect debts from New York consumers.

40. Plaintiff suffered emotional distress due to the Defendant's actions and omissions, including mental distress; embarrassment; and humiliation; amongst other injury.

41. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from contacting the Plaintiff's neighbors.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants, jointly and severally for the following:

A. Actual damages pursuant to the FDCPA; GBL; and common law claims;

B. Statutory damages pursuant to the FDCPA; and GBL;

C. Nominal damages;

D. Costs and reasonable attorney's fees pursuant to the FDCPA; and GBL

E. Punitive damages pursuant to the state common law claims; and GBL

F. Injunctive relief as described herein;

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro